[No. F004091. Fifth Dist. June 18, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL NETTLE WALLACE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exceptions of parts I and III through IV.

**Counsel**

Roderick P. Bushnell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edmund D. McMurray and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**BEST, J.**—Defendant appeals from the imposition of a five-year enhancement for a prior serious felony conviction following his plea of guilty entered pursuant to a negotiated plea bargain. We will affirm the judgment.

## The Case

We relate only those matters pertinent to our discussion to follow.

Defendant was charged in separate informations with murder and assault with a deadly weapon, both involving the same victim and the same incident. It was also alleged that defendant personally used a deadly and dangerous weapon, a knife (Pen. Code, § 12022, subd. (b)[1]), and that defendant was previously convicted of a serious felony, robbery, within the meaning of section 667.

Pursuant to a negotiated plea bargain, defendant entered a plea of guilty to voluntary manslaughter, a necessarily included offense of the murder charge, and admitted the section 12022, subdivision (b), and section 667 enhancement allegations. In accord with the plea bargain, it was stipulated that a sentence of twelve years in the state prison could be imposed, the aggravated base term of six years, one year for the section 12022, subdivision (b), enhancement and five years for the section 667 enhancement. After obtaining a probation report, the trial court, however, followed the recommendation of the probation officer and imposed a ten-year sentence consisting of the middle base term of four years plus six years for the enhancements.

Defendant now takes the position that the five-year enhancement pursuant to section 667 should not have been imposed, contending (1) section 667 constitutes an ex post facto law in violation of the state and federal Constitutions, (2) section 667 violates both federal and state constitutional guaranties of equal protection under the law, (3) the enhanced punishment under section 667, subdivision (a), constitutes cruel and unusual punishment, and (4) that the trial court abused its discretion by failing to strike the prior conviction for purposes of enhancement.

## Discussion

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### II

Defendant contends that section 667 violates the equal-protection clauses of the state and federal Constitutions. We first note that section 667

---

[1]All references are to the Penal Code unless otherwise indicated.

*See footnote on page 406, *ante*.

has survived an equal-protection challenge made on the grounds that the five-year enhancement provision does not apply to other defendants who (1) are not recidivists, or (2) are charged with different crimes. (*People* v. *Jacobs* (1984) 157 Cal.App.3d 797 [204 Cal.Rptr. 234].) However, the precise grounds here urged were not raised nor addressed in *Jacobs*. Defendant here claims that because of the overlap between section 667.5, subdivision (b), and section 667, different punishment results for persons similarly situated in that a person in defendant's situation will receive an enhancement of only one year if the prior robbery conviction is charged under section 667.5, subdivision (b), but will receive an enhancement of five years if the same prior is charged under section 667. The differing punishment as envisioned by defendant is, of course, true depending under which section the prosecutor in the exercise of his discretion elects to charge the prior felony conviction. The real question then is whether the vesting of this discretion in the prosecutor denies equal protection of the law to a person subject to the prosecutorial discretion.

The crime-charging power is vested in the public prosecutor by Government Code section 26501. "Prosecutors have a great deal of discretion in this crime-charging function. Charging discretion takes three basic forms: (1) evidentiary sufficiency—a determination of whether the evidence warrants prosecution; (2) charge selection—a determination of the appropriate charge or charges; and (3) discretion not to prosecute—a determination of whether there is an alternative to formal criminal prosecution." (Knapp, Prosecutorial Discretion (Cont.Ed.Bar 1979) § 11, p. 5.) ■ This prosecutorial discretion, though recognized by statute in California, is founded upon constitutional principles of separation of powers and due process of law. (*People* v. *Sidener* (1962) 58 Cal.2d 645, 650, 651 [25 Cal.Rptr. 697, 375 P.2d 641], overruled on other grounds in *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993].) The district attorney's unlimited discretion in the crime-charging function has been uniformly recognized. (See, e.g., *Boyne* v. *Ryan* (1893) 100 Cal. 265 [34 P. 707]; *People* v. *Adams* (1974) 43 Cal.App.3d 697 [117 Cal.Rptr. 905]; *People* v. *Municipal Court* (*Bishop*) (1972) 27 Cal.App.3d 193 [103 Cal.Rptr. 645, 66 A.L.R.3d 717]; *Ascherman* v. *Bales* (1969) 273 Cal.App.2d 707 [78 Cal.Rptr. 445]; *Taliaferro* v. *City of San Pablo* (1960) 187 Cal.App.2d 153 [9 Cal.Rptr. 445]; *Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752 [6 Cal.Rptr. 813].)

■ As stated in *People* v. *Adams, supra,* 43 Cal.App.3d 697, 707-708: "In the case before us the statute deals with the initial determination of the charge to be filed, a decision which, in its nature, occurs before an accu-

satory pleading is filed and thus before the jurisdiction of a court is invoked and a judicial proceeding initiated. It involves a purely prosecutorial function and does not condition judicial power in any way. The function thereby conferred relates only to what is clearly the province historically of the public prosecutor, i.e., the discretion whether or not to prosecute. [Citations.]

". . . And it is the district attorney who is vested with discretionary power to determine whether to prosecute. (Gov. Code, § 26501.) There is no review by way of the appellate process of such a decision nor can a court control this statutory power by mandamus. [Citations.] Accordingly, it is not [Penal Code] section 496 that vests the prosecutor with 'unlimited discretion.' The prosecutor under general law already has that discretion in deciding whether to charge defendant at all. The statute simply provides that the prosecutor, having decided to file a charge, can decide to file a misdemeanor charge rather than a felony charge. A prosecutor is not subject to judicial supervision in determining what charges to bring and how to draft accusatory pleadings." (Fn. omitted.)

We find no fundamental distinction between the prosecutor's discretion to determine whether in a particular case any crime is to be charged and, if so, what crime is to be charged, and his discretion to determine in a particular case whether a sentence enhancement is to be charged and, if so, what enhancement.

Our conclusion is supported by the holding of the United States Supreme Court in *United States* v. *Batchelder* (1979) 442 U.S. 114 [60 L.Ed.2d 755, 99 S.Ct. 2198]. There, the defendant, a previously convicted felon, was found guilty of receiving a firearm that had traveled in interstate commerce, in violation of 18 United States Code section 922(h). He was sentenced to five years imprisonment under section 924(a), the maximum term authorized for violation of section 922(h). The Court of Appeal affirmed the conviction but remanded for resentencing, noting that the substantive elements of section 922(h) and 18 United States Code App. section 1202(a) were identical; however, the maximum sentence provided by section 1202(a) was two years. In reversing the Court of Appeal, the Supreme Court, while recognizing the overlap in the two statutes, first held that the "doctrine that ambiguities in criminal statutes must be resolved in favor of lenity" did not apply: "That § 1202(a) provides different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language." (*United States* v. *Batchelder, supra,* 442 U.S. at pp. 121-122 [60 L.Ed.2d at p. 763].)

The court then held that section 1202(a), the later enactment, could not be interpreted as implicitly repealing section 924(a) even though defendant's conduct might violate both statutes. "For it is 'not enough to show that the two statutes produce differing results when applied to the same factual situation.' *Radzanower* v. *Touche Ross & Co.*, 426 U.S. 148, 155 . . . . Rather, the legislative intent to repeal must be manifest in the ' "positive repugnancy between the provisions." ' *United States* v. *Borden Co.*, 308 U.S. 188, 199 . . . . In this case, however, the penalty provisions are fully capable of coexisting because they apply to convictions under different statutes." (*United States* v. *Batchelder, supra*, 442 U.S. at p. 122 [60 L.Ed.2d at p. 763].)

■■ Finally, while recognizing that the equal-protection clause of the United States Constitution prohibits selective enforcement based upon an unjustifiable standard such as race, religion or other arbitrary classification, the high court held that prosecutorial discretion to prosecute under one or the other of the statutes violated no equal-protection or due-process standards: "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. [Citations.] Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced." (*United States* v. *Batchelder, supra*, 442 U.S. at p. 125 [60 L.Ed.2d 765-766].)

While the equal-protection clauses of the federal and state Constitutions may limit the prosecutor's exercise of discretion to preclude "intentional and purposeful" invidious discrimination in the enforcement of penal laws (*Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44]), no such claim is made by defendant in the present case.

Accordingly, we hold that there is no equal-protection violation in vesting in the public prosecutor the discretion to charge a prior serious felony under one or the other of sections 667 or 667.5, subdivision (b).

III*

. . . . . . . . . . . . . . . . . . . . . . .

*See footnote on page 406, *ante*.

The judgment is affirmed.

Hamlin, Acting P. J., and Martin, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 22, 1985.