[No. G005001. Fourth Dist., Div. Three. Jan. 23, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DON LEE VALENCIA, Defendant and Appellant.

**COUNSEL**

Sandy A. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert M. Foster and Tim Nader, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

SCOVILLE, P. J.—Defendant, Don Lee Valencia, and his codefendant, Glenn G. Smith, each pleaded guilty to one count of robbery (Pen. Code, § 211) and admitted use of a knife during its commission. (Pen. Code, § 12022, subd. (b).) Valencia admitted charged enhancements for two prior serious felonies (Pen. Code, §§ 667, 1192.7, subd. (c)), a 1981 residential burglary conviction and a 1977 attempted murder conviction. Smith admitted charged enhancements for two prior prison terms served within five years of the present offense. (Pen. Code, § 667.5, subd. (b).)[1]

Valencia was sentenced to a base term of two years on the robbery count and to two consecutive five-year terms for the prior serious felony convictions, for a total of twelve years. Smith was sentenced to the base term of three years on the robbery count, and one year on the use enhancement for a total of four years. Sentence on the admitted priors was stayed until completion of the base term on the robbery count when the stay was ordered to become permanent.

---

[1] Smith's two prior prison terms were for burglary. (Pen. Code, § 459.) There is no indication in this record whether the burglaries were residential burglaries.

The trial court issued a certificate of probable cause (Pen. Code, § 1237.5) and Valencia challenges the validity of his sentence on this appeal. We affirm the judgment.

DISCUSSION

■ Valencia contends Penal Code section 1385, subdivision (b) "unconstitutionally infringes upon the power of the judiciary by prohibiting the striking of prior § 667 felonies . . . ."[2] He cites no authority for this surprising assertion. Subdivision (b) of Penal Code section 1385 was enacted by the Legislature as an emergency measure expressly for the purpose of abrogating *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833] "and to restrict the authority of the trial court to strike prior convictions of serious felonies when imposing an enhancement under Section 667 of the Penal Code." (Stats. 1986, ch. 85, § 3; see *People* v. *Williams* (1987) 196 Cal.App.3d 1157, 1160 [242 Cal.Rptr. 421].)

In *People* v. *Williams* (1981) 30 Cal.3d 470, 482 [179 Cal.Rptr. 443, 637 P.2d 1029], the California Supreme Court discussing Penal Code section 1385 as worded prior to the 1986 amendment stated, "Section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent." The 1986 amendments to sections 1385 and 667 could not more clearly have expressed a contrary intent to judicial discretion in the area of prior serious felonies as enhancements under Penal Code section 667. As was said in *People* v. *Williams, supra,* 196 Cal.App.3d at page 1160, "The amended version of section 1385 removes from the trial court all discretion to strike the prior felony convictions, thus rendering imposition of a five-year enhancement for each such prior conviction a certainty." The Legislature's power to limit trial court discretion in this way is beyond question. "We note at the outset 'that in our tripartite system of government it is the function of the legislative branch to define crimes and prescribe punishments, and that such questions are in the first instance for the judgment of the Legislature alone.' [Citation.]" (*In re Foss* (1974) 10 Cal.3d 910, 917 [112 Cal.Rptr. 649, 519 P.2d 1073].)

■ Valencia next argues that Penal Code section 1385, subdivision (b) "violates the spirit of the determinate sentencing act" which was enacted

---

[2] Penal Code section 1385 provides: "(a) The judge or magistrate may, either of [*sic*] his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading. [¶] (b) This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."

"to eliminate disparity among sentences." He cites Penal Code section 1170, particularly the following language: "The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances." He characterizes armed robbery, the present offense, as "a crime of ordinary gravity" and asserts the 12-year sentence imposed upon him is disproportionate to the seriousness of the offense. We disagree. It must be remembered that the actual sentence imposed as to the armed robbery charge was the low term of two years. The rest of the sentence consisted of the mandatory consecutive five-year terms under Penal Code section 667, subdivision (a). It is disingenuous for Valencia to complain his sentence does not fit the crime when the bulk of it was imposed for his recidivism as demanded by legislative enactment rather than for the actual crime committed.

Nor is the punishment imposed here in any way similar to that imposed in *Solem* v. *Helm* (1983) 463 U.S. 277 [77 L.Ed.2d 637, 103 S.Ct. 3001], which Valencia urges us to follow. There the defendant received the equivalent of a life sentence without possibility of parole for a seventh "nonviolent felony" under South Dakota's recidivist statute. In *Solem* the Supreme Court determined the punishment was cruel and unusual because the defendant "received the penultimate sentence for relatively minor criminal conduct." (*Id.* at p. 303 [77 L.Ed.2d at p. 657].)[3] The court focused particularly on defendant's ineligibility for parole. (*Id.* at pp. 300-303 [77 L.Ed.2d at pp. 655-658]; compare *Rummel* v. *Estelle* (1980) 445 U.S. 263, 281 [63 L.Ed.2d 382, 395, 100 S.Ct. 1133].) Here Valencia was given twelve years for armed robbery and two prior convictions, one for residential burglary and one for attempted murder. The limited sentence in light of the severity of the crimes committed by Valencia and their violent nature distinguishes this case from *Solem*.

■ Valencia argues the trial court should have had discretion to order the enhancement terms be concurrent to one another rather than consecutive and that we should interpret Penal Code section 667 as so providing. It seems to us, however, that the terms of that code section are quite clear. Subdivision (a) provides in pertinent part, "The terms of the present offense and *each* enhancement *shall* run consecutively." (Italics added.) As explained in the ballot pamphlet prepared for the June 1982 election, "This

---

[3] The defendant in *Solem* v. *Helm, supra,* 463 U.S. 277, had suffered three prior convictions for third degree burglary, one prior conviction for obtaining money under false pretenses, one prior conviction for grand larceny, a conviction for driving while intoxicated and the present offense was for uttering a "no account" check for $100. (*Id.* at pp. 279-280 [77 L.Ed.2d at pp. 642-643].)

measure includes two provisions that would increase prison sentences for persons convicted of specified felonies. First, upon a second or subsequent conviction for one of these felonies, the defendant could receive, on top of his or her sentence, an *additional* five-year prison term for *each* such prior conviction, regardless of the sentence imposed for the prior conviction. . . ." (Ballot Pamp., Proposed Initiative Stats. & Amend. to Cal. Const. with arguments to voters, Primary Elec. (June 8, 1982) Analysis by Legislative Analyst, pp. 54-55, second italics added.)

■ Valencia contends serious felonies under Penal Code section 667 include the same crimes listed in Penal Code section 667.6, subdivision (c) as "violent felonies," but enhancements under section 667.5 can be stayed, whereas, pursuant to Penal Code section 1385, subdivision (b), enhancements under section 667 cannot. He argues that since the prosecutor determines whether to charge a prior crime as a Penal Code section 667 or Penal Code section 667.5 enhancement, "[a]rbitrary prosecutorial discretion results in violation of equal protection rights among persons who commit similar serious or violent prior felonies."

A similar argument was rejected by the court in *People* v. *Wallace* (1985) 169 Cal.App.3d 406 [215 Cal.Rptr. 203] which held where two enhancement statutes overlap no state or federal equal protection violation necessarily occurs when a defendant is charged with and sentenced under the more severe of the two statutes. (*Id.* at pp. 410-411; *People* v. *Hernandez* (1987) 191 Cal.App.3d 1014, 1019-1020 [236 Cal.Rptr. 728].) As was said by the United States Supreme Court in *United States* v. *Batchelder* (1979) 442 U.S. 114, 125 [60 L.Ed.2d 755, 765-766, 99 S.Ct. 2198], "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. [Citations.]" The reasoning of *Batchelder* and *Wallace* is applicable here. Valencia does not contend that the prosecutor's choice in this case between a section 667 enhancement and a section 667.5 enhancement was the product of "intentional and purposeful" invidious discrimination in the enforcement of penal laws (*Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44]); hence, no equal protection violation has been shown.

■ Finally, Valencia complains his involvement in the present crime was no more than his codefendant's yet his sentence was eight years longer.

Valencia asserts this disproportionate sentencing between codefendants violates the equal protection clause and/or constitutes cruel and unusual punishment as applied to him. As noted, the claimed disproportionality arises from application of the recidivist statutes in this case and not from any decision based on relative culpability for the present offense.[4] In *People* v. *Weaver* (1984) 161 Cal.App.3d 119 [207 Cal.Rptr. 419] the court held a sentence enhanced by an addition of 15 years because of 3 prior serious felony convictions was not unconstitutional as constituting cruel and unusual punishment. The court following the analysis of *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921] concluded the seriousness of the present offense in addition to defendant's prior record indicated a proportional sentence. The same reasoning is applicable here. As was said in *People* v. *Villasenor* (1984) 152 Cal.App.3d 30 [199 Cal.Rptr. 349], a case upholding Penal Code section 667 from constitutional attack on equal protection and cruel and unusual punishment grounds, "The nature of the crimes that bring into play Penal Code section 667, so that a five-year enhancement will apply to the sentence, in no way offends fundamental notions of human dignity, but rather reflects a reasonable and justifiable attempt by the electorate both to discourage recidivism and to punish those who commit serious offenses." (152 Cal.App.3d at p. 34.)

The judgment is affirmed.

Crosby, J., and Moore, J., concurred.

---

[4] In fact, Smith was given a greater sentence on the armed robbery count reflecting the court's view as to their relative culpability. On the other hand, Valencia's prior convictions were of a slightly more violent and serious character than those suffered by Smith.