[No. F010290. Fifth Dist. Dec. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ANDREW BIZIEFF, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II-XII.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Ronald F. Turner, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Thomas Y. Shigemoto and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), Acting P. J.—**

## PART I

A jury convicted defendant of multiple violations of the Penal Code:[1] count one, sections 459 and 460 (residential burglary); count three, sections 664 and 187 (attempted second degree murder); and count four, section 245, subdivision (a)(2) (assault with a firearm). With each count the jury

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

found defendant personally used a firearm during the commission of that offense within the meaning of section 12022.5. The jury also found defendant suffered two prior serious felony convictions within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c)(19).

The court sentenced defendant to a total prison term of twenty-two years and four months, consisting of (1) the upper term of nine years for attempted second degree murder, (2) two years for use of a firearm in the attempted murder, (3) a consecutive midterm sentence of four years for burglary, with two-thirds of the term stayed, and (4) two consecutive five-year terms for the prior felony convictions. In addition, the court imposed a concurrent midterm sentence of one year for the armed assault and stayed two-year enhancements for firearm use in counts one and four. The facts surrounding the crimes for which defendant was convicted are not germane to the published issues on appeal. Where facts are necessary to those issues, they will be included with our analysis.

PARTS II-XII*

. . . . . . . . . . . . . . . . . . . . . .

PART XIII

TWO SEPARATE PRIOR CONVICTIONS

Defendant argues he suffered only one prior serious felony conviction within the meaning of section 667, subdivision (a), not two. His sentence should therefore have been enhanced by five years rather than ten. We attempt to set forth the relevant portions of the confusing history of defendant's two cases which led to these prior serious felony convictions.[2] We designate superior court case No. 249818-6 as "Case No. 1" and superior court case No. 250330-8 as "Case No. 2."

On November 5, 1979, a preliminary hearing was held in Case No. 1, following which the People filed an information alleging seven counts of robbery with a different victim named in each count and one count of assault with a deadly weapon. The robbery victim in count eight was Thomas Fowler.

In Case No. 2, defendant obtained a continuance for the preliminary hearing to a date beyond the deadline for filing the information in Case No. 1 in the superior court. The information in Case No. 2, eventually filed

---

*See footnote, *ante,* page 130.

[2] We grant the People's request that we take judicial notice of the entire file in each of defendant's prior cases before this court. We deny as moot defendant's request that we take judicial notice of portions of those same files.

December 10, 1979, alleged two counts of robbery, each with a victim different than those named in the counts of the information in Case No. 1. On December 11, the court denied the People's motion to consolidate the two cases for trial. Defendant objected to consolidation.

In Case No. 1, by verdict rendered January 22, 1980, a jury convicted defendant of two counts of robbery, four counts of the lesser included offense of grand theft person and one count of assault with a deadly weapon. In all of the robbery and grand theft convictions it was also found defendant used a firearm. In the assault conviction it was found he used a deadly weapon other than a firearm. The jury was unable to reach a verdict on count eight, in which Fowler was the alleged victim, and a mistrial was declared on that count.

On January 23, the People moved to consolidate count eight of Case No. 1 for trial with Case No. 2. The People argued consolidation was proper because the crimes were similar, time for trial would be shortened, and all counts in both cases would have been consolidated for trial but for defendant obtaining a continuance of the preliminary hearing in Case No. 2, as discussed previously. Defendant objected to consolidating count eight with Case No. 2. On January 25, the court granted the People's motion to consolidate, and this court affirmed that ruling in an unpublished opinion, *People* v. *Bizieff*, 5 Crim. No. 4916.

On February 14, 1980, the trial court in Case No. 2 suggested, rather than consolidation, the People dismiss the Fowler count in Case No. 1 and file an amended information in Case No. 2 and allege the Fowler count in the amended information. All parties were in agreement to this suggestion. However, we find no formal dismissal order in the record.

On February 19, 1980, the court sentenced defendant in Case No. 1.

On February 22, 1980, the People filed an amended information in Case No. 2 which charged three counts, the original counts of Case No. 2 and the "Fowler" count of Case No. 1.

On March 14, 1980, a jury found defendant guilty of the three robbery counts in Case No. 2, and the court sentenced defendant on those three counts on April 11.

The verdicts in the present action read identically except for the designation of "first" and "second" prior conviction and the case numbers. One referred to case No. 249818-6, and the other referred to case No. 250330-8, as follows:

"WE, the jury in the above entitled action, find the allegation of the [First] [Second] Prior Conviction, that the Defendant, DAVID ANDREW BIZIEFF, was convicted in the Superior Court of the State of California, in and for the County of Fresno, Case Number [249818-6] [250330-8], of a serious felony, to wit: Robbery, in violation of Section 211 of the Penal Code, on or about November 3, 1982 is true."

■ With that background, and noting all of the convictions suffered by defendant fall within the definition of a serious felony (§ 1192.7, subds. (c)(19), (23), (26)), we address the question whether defendant has incurred one or two prior serious felony convictions within the meaning of section 667, subdivision (a), which reads in pertinent part: ". . . any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . , shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement *for each such prior conviction on charges brought and tried separately. . . .*" (Italics added.)

Our Supreme Court interpreted "on charges brought and tried separately" in *In re Harris* (1989) 49 Cal.3d 131 [260 Cal.Rptr. 288, 775 P.2d 1057]. The petitioner argued he was subject to only a single section 667 enhancement of five years, rather than two, because his two prior robbery convictions arose from one proceeding. The single proceeding began with the filing of one complaint in municipal court. One preliminary hearing was held, but the charges were then prosecuted separately in superior court after the People filed two separate informations alleging only one robbery in each. (*Id.* at p. 134.) The petitioner argued the language of section 667 required the charges of the underlying prior serious felony convictions to have been made in "formally distinct" proceedings, and his were not. (*Id.* at p. 134.)

The Supreme Court agreed with petitioner and stated:

"We conclude that the requirement in section 667 that the predicate charges must have been 'brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt. Here, as the record plainly reveals, the charges in question were not 'brought . . . separately,' but were made in a single complaint." (*In re Harris, supra,* 49 Cal.3d at p. 136.) The court held " 'to bring charges' " means the initiation of proceedings, in this case the filing of the complaint. (*Id.* at pp. 136-137.)

In *People v. Deay* (1987) 194 Cal.App.3d 280 [239 Cal.Rptr. 406], the court held similarly that the *proceedings* must be "totally separate":

"The phrase 'charges brought and tried' leaves no room for construction—it means to have formally brought an accused to account by means of complaint, information or indictment, and to then have adjudicated the accused's guilt or not. Charges brought and tried 'separately' for purposes of section 667 means simply that prior formal proceedings leading to multiple adjudications of guilt must have been totally separate. (See *People* v. *Ebner* (1966) 64 Cal.2d 297, 304 [49 Cal.Rptr. 690, 411 P.2d 578] [construing similar language in California's former habitual criminal statute (former § 644)].)" (194 Cal.App.3d at p. 286, fn. omitted.)

In *Deay*, the information alleged two prior serious felonies within the meaning of section 667, subdivision (a). The defendant had pleaded guilty to two counts of first degree burglary in a single proceeding held in the municipal court. The case was certified to the superior court, which also, in a single proceeding, entered judgment on each of the pleas. In the trial on the truth of the prior convictions, the trial court found both allegations to be true. (194 Cal.App.3d at p. 286.)

The present case is very different from *In re Harris* and is readily distinguishable from *Deay*. Setting aside the Fowler count for the moment, it is clear the remaining two convictions in Case No. 2 stem from "charges brought and tried separately" from the two robbery convictions resulting from Case No. 1. There were separate complaints, preliminary hearings, informations, and jury trials.

The only prior conviction in Case No. 2 which stemmed from a charge that was not brought and tried separately from the two prior robbery convictions in Case No. 1 was the Fowler count. However, the presence of the Fowler count in Case No. 2 does not taint the entire proceeding for section 667, subdivision (a) enhancement purposes. Instead, if the trial court in the present case erred at all, it erred by allowing the jury to hear evidence surrounding the Fowler count because it stemmed from a charge brought and tried together, within the meaning of section 667, subdivision (a), with the charges in Case No. 1.

Nevertheless, any error was harmless. Testimony at trial regarding the prior conviction allegations stemming from Case Nos. 1 and 2 came from John Wakeman, a fingerprint expert, and Nancy Howard, a supervising court clerk from the Fresno County Superior Court (the court in which the two earlier jury trials were held).

Both witnesses identified and examined defendant's prison records admitted pursuant to section 969b.[3] In her uncontradicted testimony, Howard read extensively into the record from the document. She related the seven convictions in Case No. 1, including the two for robbery, and the three robbery convictions in Case No. 2, including the Fowler robbery. The evidence did not identify the respective victims with the corresponding convictions.

The jury verdict forms indicated the jury merely found defendant suffered two prior robbery convictions on two different dates, without reference to a specific victim for each offense. Consequently, we cannot say with certainty the jury did not find the Fowler count to be one of the prior robbery convictions when it found defendant guilty of a prior serious felony robbery conviction in Case No. 2.

Even though we are unable to determine whether the jury found the Fowler count to be true, the harmlessness of the court's error in allowing evidence of that count is readily apparent. The evidence of each prior conviction in both cases was precisely the same. If the jury found any of the prior convictions to be true, it necessarily found all of them to be true. (See, e.g., *People* v. *Ramirez* (1987) 189 Cal.App.3d 603, 611-613 [233 Cal.Rptr. 645].) Since the jury found defendant had been convicted of robbery in each of the two prior cases, it necessarily found he was convicted of robbery for each count which the prior records proved.

Consequently, we hold the trial court properly sentenced defendant to two prior felony convictions stemming from his two 1980 trials, one in Case No. 1 and the other in Case No. 2, both of which were robbery convictions.

## PART XIV

### EQUAL PROTECTION

Defendant last argues the court violated his right to equal protection of the law by imposing two section 667 enhancements. He argues section 667 creates two classes of recidivists, depending on whether prior convictions were brought and tried separately. In order to avoid constitutional infirmity, he continues, the "brought and tried separately" language

---

[3] Section 969b provides in part: "For the purpose of establishing . . . the fact that a person . . . has been convicted of an act punishable by imprisonment in a state prison, . . . the records or copies of records of any state penitentiary . . . may be introduced as such evidence."

of section 667 must be construed to "include charges which could have been brought and/or tried together, as well as charges which as an administrative matter were formally tried together." (Italics omitted.) Otherwise, he contends, identical conduct can lead to disparate treatment. The degree of punishment would not turn upon the particular defendant's record of prior culpable conduct, but instead upon fortuitous considerations irrelevant to punishment.

■ Defendant correctly sets forth the basic standard by which equal protection claims are measured: "Simply stated the 'concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' (*Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456 P.2d 645].)" (*In re Antazo* (1970) 3 Cal.3d 100, 110 [89 Cal.Rptr. 255, 473 P.2d 999].)

Defendant is similarly correct in stating equal protection principles apply to penal statutes, and those statutes may not create arbitrary classifications or invidiously discriminate against individuals. (*Murguia* v. *Municipal Court* (1975) 15 Cal.3d 286, 296 [124 Cal.Rptr. 204, 540 P.2d 44]; see also *Cotton* v. *Municipal Court* (1976) 59 Cal.App.3d 601, 605 [130 Cal.Rptr. 876].) He takes the position the state has no justification for treating similarly situated individuals differently, as occurs when the section is not read to equate charges which could have been brought or tried together with those actually brought or tried together. (See *People* v. *Jacobs* (1984) 157 Cal.App.3d 797, 801-802 [204 Cal.Rptr. 234]; see also *People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375].) We disagree.

■ Prosecutors have great discretion in filing criminal charges. (*People* v. *Wallace* (1985) 169 Cal.App.3d 406, 409 [215 Cal.Rptr. 203].) This discretion includes the choice of maximizing the available sentence (including charging of enhancements) to which a defendant might be exposed in the event of conviction (*id.* at p. 410; see also *United States* v. *Batchelder* (1979) 442 U.S. 114 [60 L.Ed.2d 755, 99 S.Ct. 2198]) and the timing of filing unrelated charges (*People* v. *Jerez* (1989) 208 Cal.App.3d 132, 137 [256 Cal.Rptr. 31]; see also *People* v. *Tirado* (1984) 151 Cal.App.3d 341, 352-353 [198 Cal.Rptr. 682]). Such discretion does not violate equal protection.

In addition, whether efforts to consolidate by either party will be successful is a question which must be answered by the trial court at the time it

exercises its discretion in determining if the different offenses, which could be tried together, should be tried together. (§ 954; *People* v. *Jerez, supra,* 208 Cal.App.3d at pp. 136-137.)

The *Jerez* court rejected a "could have been consolidated or tried in a single proceeding" argument. (*People* v. *Jerez, supra,* 208 Cal.App.3d at p. 139.) In so doing, the court recognized the impossible problem the creation of such a classification would present reviewing courts. In cases involving prior felony convictions, frequently brought to judgment years before, the appellate court would have to determine what the trial court or courts in the prior proceedings involving the felonies could have done in the exercise of discretion. Consequently, as in the case before us, no factual basis from which to speculate would be apparent on the appellate record. (*Ibid.*)

Defendant argues he is similarly situated with those recidivists who had cases tried together because his conduct occurred over a short period of time. Consequently, he did not have the opportunity to correct his behavior after the criminal acts leading to the first prior felony conviction before suffering the second. We reject defendant's argument.

The issue is not whether he should have received an enhanced sentence for having suffered the serious felony conviction in Case No. 1 when sentencing proceedings on the second prior felony conviction in Case No. 2 occurred. (See, e.g., *People* v. *Balderas* (1985) 41 Cal.3d 144, 201 [222 Cal.Rptr. 184, 711 P.2d 480]; *People* v. *Rojas* (1988) 206 Cal.App.3d 795, 797, 802 [253 Cal.Rptr. 786].) Instead, the relationship with which section 667 is concerned is between the criminal behavior in the present case and Case No. 1, and the present case and Case No. 2. Because the criminal behavior in the present case took place many years after both of those convictions, defendant had the benefit of the experience of having suffered those convictions prior to ignoring that experience and committing these additional crimes much later. The legislative purpose of deterring recidivist behavior has therefore been satisfied by allowing his sentence to be enhanced pursuant to section 667 for each of the earlier convictions stemming from Case Nos. 1 and 2.

The application of section 667 under these circumstances does not violate equal protection.

## Disposition

Consistent with part XII of this opinion and pursuant to Penal Code section 654, we modify the judgment to stay the concurrent one-year term imposed for assault with a firearm. As modified, we affirm the judgment and direct the trial court to prepare a modified abstract of judgment and forward it to the Department of Corrections.

Baxter, J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 1991.