Filed 10/15/24  P. v. Bass CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>AMIR ALIRASHEE BASS,<br><br>        Defendant and Appellant. | B330619<br><br>(Los Angeles County<br>Super. Ct. No. BA469156 |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Remanded in part with instructions, affirmed in all other respects.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2018, appellant Amir Bass entered an open plea of no contest to first degree burglary and was sentenced to three years of probation and a suspended sentence of 11 years in prison. In 2023, the trial court found appellant in violation of his probation, terminated probation, and imposed the 11-year prison sentence. The court denied appellant's request to strike a five-year prior serious felony enhancement under Penal Code section 667, subdivision (a) (section 667(a)),[1] stating that it did not believe it could revisit the sentence.

Appellant argues that the trial court erroneously believed it lacked the discretion to strike the section 667(a) enhancement and therefore abused its discretion. We agree and therefore remand the matter to allow the trial court to properly exercise its independent discretion in sentencing appellant.

## BACKGROUND[2]

An information filed in 2018 charged appellant with two counts of first degree burglary with a person present (§ 459; counts one and two) and one count of grand theft of access card account information (§ 484e, subd. (d); count three). The information also alleged that appellant suffered a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12), a prior serious felony conviction (§ 667(a)), and three prison priors (§ 667.5, subd. (b)). In response to appellant's motion to set aside the information pursuant to section 995, the court dismissed count two and reduced count three to a misdemeanor.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.
[2]     We omit the underlying facts of appellant's conviction as they are not relevant to this appeal.

At a hearing on September 28, 2018, the court noted that the prosecutor had offered appellant a plea deal of four years in prison. Instead, appellant informed the court that he wanted to accept the court's offer of three years-probation, with six months in county jail and an 11-year suspended sentence. The court cautioned appellant that if he took that offer "and you mess up, you go to prison for 11 years." Appellant indicated that he understood. Accordingly, appellant entered an open plea of no contest to counts one and three. The court found a factual basis and accepted the plea. For the purpose of the plea, the court struck the prior strike allegation on the basis that appellant was 17 years old at the time of the offense and had not suffered any other strikes until the current offense. The court also found that the suspended 11-year sentence was "sufficient to protect society and punish the defendant and hopefully provide incentive for changed behavior." Appellant admitted the prior serious felony enhancement and the prison priors.

On December 28, 2018, the court placed appellant on three years of probation and imposed an 11-year suspended sentence. The sentence consisted of the upper term of six years on count one, plus a consecutive five-year term for the prior serious felony (§ 667(a)).[3]

In 2020, the court revoked appellant's probation after appellant was arrested for vandalism and then failed to appear. After a probation revocation hearing, the court found appellant in violation of probation, but placed appellant on a new three-year term of probation in July 2021 with the same terms and conditions.

---

[3]     Appellant had already served his six-month sentence on count three.

In April 2022, the court again revoked appellant's probation and issued a bench warrant for his arrest. Following a contested hearing, the court found appellant had violated his probation by failing to obey a stay away order.

At the sentencing hearing on May 8, 2023, the court terminated probation and indicated it intended to impose the previously suspended 11-year sentence. Defense counsel inquired whether the court "would be amenable" to striking the section 667(a) prior serious felony enhancement and sentencing appellant to "the six-year term that I think he would have deserved." The court responded, "The problem is that the sentence was already imposed by another judge, and also Mr. Bass had the prior strike. It was stricken which is why it was justified high term in this matter." The court continued, stating that the sentencing court "went to great lengths" explaining to appellant that he would have to serve 11 years if he violated probation, compared to the four-year sentence offered by the prosecution, and that the court had given appellant "another opportunity" by reinstating probation after appellant's vandalism charge. The court imposed the 11-year sentence, but struck the prison priors "by operation of law." The court discussed with counsel whether appellant's plea had included the admission that there was a person present during the burglary, and then imposed a previously stayed restitution fine and various fees. The court concluded by stating, "I don't believe I can revisit the sentence. So if I'm wrong, then Mr. Bass has a basis to appeal the sentence. . . . [¶] I mean, at this point I think I can't."

Appellant timely appealed from this order after judgment. (§ 1237, subd. (b); see *People v. Lazlo* (2012) 206 Cal.App.4th 1063, 1067, fn. 3.)

4

## DISCUSSION

Appellant argues that the trial court erred in denying his request to strike the five-year prior serious felony enhancement on the basis that it lacked the discretion to do so.  We agree with appellant.

When appellant was granted probation in 2018, trial courts lacked the discretion to strike or dismiss a prior serious felony enhancement under section 667, subdivision (a).  (Former § 1385, subd. (b); former § 667, subd. (a); see *People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045-1047.)  Effective January 1, 2019, Senate Bill No. 1393 (S.B. 1393) amended sections 667, subdivision (a) and 1385, subdivision (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes.  (Stats. 2018, ch. 1013, §§ 1, 2; see *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.)

The parties agree, as do we, that S.B. 1393 applies to appellant's case retroactively because his judgment is not yet final and the statute constitutes an ameliorative change within the meaning of *In re Estrada* (1965) 63 Cal.2d 740.  (*People v. Stamps* (2020) 9 Cal.5th 685, 699.)  Appellant further contends that the court's statements at the sentencing hearing demonstrate that it erroneously believed it lacked the discretion to strike the section 667, subdivision (a) enhancement.  We agree. When appellant's counsel inquired whether the court would consider striking the prior serious felony enhancement, the trial court denied the request, stating, "The problem is that the sentence was already imposed by another judge."  The court later reiterated that "I don't believe I can revisit the sentence.  So if I'm wrong, then Mr. Bass has a basis to appeal the sentence."  On

5

this record, it is clear that the court did not believe it had the discretion to strike appellant's five-year prior serious felony enhancement.

Respondent points to the court's awareness of a separate change in the law, noting that the court struck appellant's three prison prior enhancements under section 667.5, subdivision (b) because "by operation of law they no longer apply." These statements do not indicate that the court was similarly aware of its discretion regarding enhancements under section 667(a), particularly in light of the court's comments that it did not believe it could revisit the previously imposed 11-year sentence.

Where a court is unaware of or misunderstands the scope of its discretion, its ruling is not the exercise of properly "'informed discretion.'" (*People v. Salazar* (2023) 15 Cal.5th 416, 424, quoting *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; see also *People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247–1248.) In such circumstances, the trial court's ruling is an abuse of discretion and the matter is properly remanded to allow the trial court to exercise its discretion in sentencing the defendant. (*People v. Carmony* (2004) 33 Cal.4th 367, 376; *People v. Rodriguez* (1998) 17 Cal.4th 253, 257; see also *People v. Salazar, supra*, 15 Cal.5th at p. 424.) We conclude that the trial court abused its discretion here and therefore remand for a resentencing hearing. We express no opinion on how the court should exercise its discretion on remand.[4]

---

[4] We need not reach appellant's other contention that changes to section 1170 under Senate Bill No. 567 require the trial court to reconsider whether to impose the upper term or the now-presumptive middle term to the burglary conviction. On

## DISPOSITION

The matter is remanded for resentencing, including to allow the superior court to exercise its discretion in considering whether to strike the prior prison term pursuant to section 667(a). The judgment of the court is affirmed in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

CURREY, P.J.

MORI, J.

---

remand, the court may exercise its sentencing discretion in light of the changed circumstances, including the imposition of the upper term pursuant to section 1170, subdivision (b).