Filed 1/15/14  P. v. Kelly CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B244227 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA082586) |
| v. | |
| LAMONT KELLY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Victor L. Wright, Judge.  Affirmed in part, reversed in part and remanded.

Marc Robert Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Lamont Kelly appeals from three convictions of second degree robbery (Pen. Code, § 211): Krystal J. (count 1), Joanna W. (count 2) and Gustavo G. (count 3).[1] He contends there was insufficient evidence of the force and fear element as to count 3. In addition, defendant contends, and the People concede, that the trial court imposed an unauthorized sentence. We affirm the conviction but remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The People's Case*

Viewed in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358), the evidence established that in October 2011, the Starbucks on the corner of La Brea and Centinela in Inglewood had six cash registers; four in the front and two in the drive-thru area. Joanna W. was the shift supervisor the morning of October 18, 2011. Just before noon that day, Joanna W. was in the drive-thru area restocking plastic lids; two other people were working the drive-thru while Krystal J. and Gustavo G. were working two of the front cash registers.

Krystal J. testified that defendant entered the store at about 11:45 a.m., wearing black sweatpants, a black silk doo-rag pulled half-way down his forehead and a black hoodie, with the hood pulled up. After placing his drink order, defendant handed Krystal J. a note which read, "Give me all the money, or I will kill you." Krystal J. laughed and asked defendant if he was serious. Defendant responded, "I'm not playing with you." Krystal J. turned to her co-workers and said, "Guys, look at the note." After they laughed, too, defendant yelled at Gustavo G., "I'm not playing with you guys." Ignoring the employees' protestations, defendant came behind the counter and said,

---

**1**      All references to the code sections are to the Penal Code.

The information also alleged four Three Strikes priors (§§ 1170.12, subds. (a)-(d), 667, subd. (b)-(i)), three section 667, subdivision (a)(1) serious felony priors and eight section 667.5, subdivision (b) prison term priors. A jury convicted defendant of all three robberies and found true the prior conviction allegations. Defendant was sentenced to a total of 32 years in prison. He timely appealed.

" 'You think I'm playing with you guys,' or 'You think this is a joke?' " Defendant then approached Joanna W. After saying something which Krystal J. could not hear, defendant hit Joanna W. in the face with both hands, which he had kept concealed in the front pocket of his hoodie. Grabbing a customer's phone, Krystal J. took it out to the patio and called 911. While speaking to the dispatcher, Krystal J. saw a motorcycle officer whom she alerted to the on-going robbery. When defendant ran out of the store, Krystal J. pointed him out to the officer, who chased after defendant. A recording of Krystal J.'s call to 911 and videos of the robbery taken from different angles by Starbucks' security cameras were played for the jury. There was no camera recording the spot where Joanna W. was standing when defendant hit her.

Joanna W.'s description of the perpetrator was similar to Krystal J.'s. Joanna W. first became aware of him when Krystal J. showed Joanna W. the note defendant had given her. Joanna W. became convinced of defendant's seriousness when he came behind the counter. Joanna W. noticed that defendant was holding something concealed in the front pocket of his sweatshirt, which she assumed was a gun based on the way defendant was pointing it at her through the sweatshirt. She was afraid that defendant would shoot someone. In response to defendant's demand that Joanna W. give him the money in the cash registers, Joanna W. stated that she did not have the keys. After defendant repeated his demand and Joanna W. repeated her inability to comply, Gustavo G. slid the tip jar over to Joanna W., who pushed it over to defendant and told him to take it. Defendant shoved the tip money into his pocket and then got into Gustavo G.'s face. Returning his attention to Joanna W., defendant hit her with the hard object he had concealed in his sweatshirt pocket. Joanna W. told Gustavo G. to ring something up so that the register would open and then told defendant to take the money from the drawer. Defendant grabbed the bills and left.

A motorcycle officer was about two blocks away when he received a report of a robbery in progress at the Starbucks. The officer arrived at the scene within seconds; seconds later Krystal J. pointed out defendant as he ran out of the store. The officer's foot pursuit ended when defendant climbed over a fence, but not until after the officer got

3

a good look at defendant's face and noticed his distinctive shoes. The officer broadcast defendant's description and organized a containment of the area. About an hour later, the officer saw defendant on the roof of a building within the containment area. Defendant was eventually persuaded to climb down a fire truck ladder brought to the scene. The officer recognized defendant as the person he chased from the Starbucks. In particular, he recognized the distinctive soles of defendant's shoes. Krystal J. and Joanna W. also identified defendant in a field show-up. Twenty-three $1 bills were found crumpled into a ball and stuffed in defendant's front pants pocket, along with $2.59 in change. Although defendant had a wallet, the money was not in that wallet. A replica handgun and a $5 bill were found in the courtyard of the apartment complex.

B.    *The Defense Case*

Defendant denied that he was the perpetrator of the Starbucks robbery; he was not chased by a motorcycle officer through the Starbucks parking lot that morning. Defendant explained he ended up on the roof of the apartment building because he was in possession of drugs while walking with a friend to a friend's house. When a police car suddenly stopped behind them, defendant ran away. He ran up the stairs of an apartment building, stopped on a landing to discard the drugs he was holding, then continued on to the roof. While on the roof, defendant took off his t-shirt so that the police, who by this time were pointing guns toward him, would see that he was not armed. The bills police found in defendant's pocket were the proceeds from cashing his general relief check. The friend confirmed defendant's version of events.

**DISCUSSION**

A.    *There Was Substantial Evidence to Support Conviction of the Gustavo G. Robbery*

Defendant contends there was insufficient evidence of force or fear to support conviction of the Gustavo G. robbery (count 3). He does not challenge the other counts. We reject his argument.

4

The standard of review on a challenge to the sufficiency of the evidence is well settled. We "review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose . . . evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . [W]e review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] . . . [¶] The same standard governs in cases where the prosecution relies primarily on circumstantial evidence. [Citation.] We 'must accept logical inferences that the jury might have drawn from the circumstantial evidence. [Citation.]' [Citation.]" (*People v. Zamudio, supra*, 43 Cal.4th at pp. 357-358.)

Robbery is "the felonious taking of personal property in the possession of another . . . and against [the person's] will, accomplished by means of force or fear." (§ 211.) The central element of the offense is that force or fear was applied to the victim to deprive him of his property. (*People v. Gomez* (2008) 43 Cal.4th 249, 265.) Direct proof of fear is not necessary. Rather, fear "may be proved with circumstantial evidence. Fear may be inferred from the circumstances in which a crime is committed or property is taken. [Citations.]" (*People v. Holt* (1997) 15 Cal.4th 619, 690; *People v. Morehead* (2011) 191 Cal.App.4th 765, 775 [same].) The victim need not testify that he or she was afraid and "the jury may infer fear ' "from the circumstances despite even superficially contrary testimony of the victim." ' [Citations.]" (*Morehead* at p. 775.) In *Morehead*, the court observed that the victims' fear of harm could be inferred from their prompt compliance with the robber's demands.

Here, the evidence established that Gustavo G. slid the tip jar to Joanna W., who passed it to defendant. Gustavo G.' did so after he saw defendant's note, after defendant yelled at Gustavo G., "I'm not playing with you guys," and after defendant came around the counter and repeatedly demanded that Joanna W. open the cash register. Gustavo G.

5

opened the cash register for defendant after defendant hit Joanna W. From this evidence, a reasonable trier of fact could infer that Gustavo G. acted out of fear.

B.     *Dual Use of Prior Convictions Was Improper*

Defendant contends, and the People concede, that the trial court improperly used the same three prior convictions to impose enhancements under both section 667, subdivision (a)(1) and section 667.5, subdivision (b). They do not, however, agree on the appropriate remedy. As we shall explain, remand for resentencing is the appropriate remedy in this case.

Section 667.5, subdivision (b) directs the trial court to impose a consecutive one-year enhancement for each prior felony conviction for which the defendant served a prison term. Section 667, subdivision (a)(1) directs the trial court to impose a five-year enhancement for each prior serious felony conviction. Subdivision (b) of section 667 provides: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . ." In *People v. Jones* (1993) 5 Cal.4th 1142, our Supreme Court held that the same prior conviction cannot support an enhancement under both section 667, subdivision (a) and section 667.5, subdivision (b). "[T]he most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Id*. at p. 1150.)

Here, pursuant to section 667.5, subdivision (b), the information alleged defendant suffered eight prior convictions for which he served a prison term and did not remain out of custody for five years. Three of those prior convictions (case Nos. YA010304, 25723 and SA043682) were also alleged as prior serious felony convictions pursuant to section 667, subdivision (a)(1). The same three priors, plus a fourth prior, were also alleged as strikes. Following a bifurcated trial, the jury found true the allegation that defendant suffered all eight prior convictions, that he served a prison term for each conviction and did not remain free for five years. The trial court struck three of the four

6

Three Strikes priors, stating that those three priors were remote in time and a life sentence would constitute cruel and unusual punishment in this case. The sentencing minute order does not set forth the trial court's reasoning.

Defendant was sentenced to a total of 32 years in prison, comprised of 6 years on count 1 (the three-year midterm doubled pursuant to Three Strikes), plus a consecutive 2 years on count 2 (one-third the three-year midterm doubled pursuant to Three Strikes), plus a consecutive 2 years on count 3 (one-third the three-year midterm doubled pursuant to Three Strikes). After merging two of the eight section 667.5, subdivision (b) priors, the trial court enhanced defendant's sentence with an additional one year for each of the remaining seven priors pursuant to section 667.5, subdivision (b). It also sentenced defendant to 15 years pursuant to section 667, subdivision (a)(1), five years each for case Nos. YA010304, 25723 and SA043682. The dual use of prior convictions in case Nos. YA010304, 25723 and SA043682 to impose both a section 667.5, subdivision (b) enhancement and a section 667, subdivision (a)(1) enhancement was error.

Although defendant asks us to simply strike the section 667.5, subdivision (b) enhancements based on cases Nos. YA010304, 25723 and SA043682, the People argue that the matter should be remanded for resentencing for two reasons. First, so that the trial court may set forth in writing its reasons for striking the Three Strikes priors, as required by section 1385, subdivision (a). (See *People v. Bonnetta* (2009) 46 Cal.4th 143 [order dismissing sentence enhancement reversed for failure to set forth reasons in writing].) Second, to give the trial court an opportunity to reconsider its exercise of discretion to strike the Three Strikes priors in light of the reduced sentence. (See *People v. Serrato* (1973) 9 Cal.3d 753, 764 [An "unauthorized sentence may be corrected at any time even though the correct term may be more severe than the term initially imposed."], overruled on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.) Defendant did not file a Reply Brief.

We agree with the People and order the matter remanded for resentencing. Upon resentencing, the trial court does not have discretion to strike the section 667, subdivision (a)(1) five year priors. (See § 1385, subd (b) ["This section does not authorize a judge to

strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."]; *People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045 [under § 1385, subd. (b), trial court has no discretion to strike § 667, subd. (a) enhancement]; see also *People v. Jones, supra*, 5 Cal.4th at p. 1150 [only the greater enhancement under § 667.5, subd. (b) and § 667, subd. (a)(1), may be imposed].)

## DISPOSITION

The section 667.5, subdivision (b) enhancements based on the prior convictions in case Nos. YA010304, 25723 and SA043682 are ordered stricken and the matter is remanded to the trial court for resentencing.  Other than striking the three section 667.5, subdivision (b) priors, we express no opinion on the proper sentence to be imposed on remand.  The judgment is otherwise affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.