Filed 4/8/22  P. v. Flores CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDUARDO FLORES,<br><br>    Defendant and Appellant. | F078226<br><br>(Super. Ct. No. SF017860A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Denise M. Rudasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Franson, J. and Meehan, J.

This matter is back before us after a prior appeal that resulted in a remand for resentencing, for various reasons, including the enactment of Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620), which retroactively amended Penal Code section 12022.5, subdivision (c), to make the imposition of firearm enhancements under that statute discretionary.[1]  Appellant Eduardo Flores now seeks another remand for resentencing in light of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393), which took effect after his prior resentencing.  Senate Bill No. 1393 amended sections 667 and 1385 to give trial courts discretion to dismiss a prior serious felony enhancement at sentencing.  Flores further seeks remand for the trial court to conduct a hearing to determine whether he is eligible for mental health diversion under section 1001.36, which also took effect relatively recently.  We agree with Flores that remand is necessary for the trial court to exercise its discretion, under the amendments effected by Senate Bill No. 1393, as to whether to impose serious felony enhancements as part of Flores's sentence.  Since remand is necessary for this purpose, Flores will have the opportunity on remand, to request a hearing to determine his eligibility for mental health diversion, in the trial court, in the first instance.

### FACTS AND PROCEEDINGS

The underlying facts of this matter are fully set forth in our prior opinion and we need not repeat them here.  (See *People v. Flores* (May 21, 2018, F071678) [nonpub. opn.].)  We will, however, outline the procedural history of the case for context.

Flores was convicted, by a jury, of six felonies and one misdemeanor, in the Kern County Superior Court:  attempted murder, with enhancements of deliberation and premeditation and personal use of a firearm (count 1; §§ 664/187, subd. (a), 12022.5, subd. (a)); assault with a firearm (count 2; § 245, subd. (a)(2)); two counts of shooting at an inhabited dwelling house (counts 3 and 4; § 246); discharging a firearm in a grossly

---

[1]     Undesignated statutory references are to the Penal Code.

negligent manner (count 5; § 246.3, subd. (a)); receipt of stolen property (i.e., the firearm at issue), a misdemeanor (count 8; § 496, subd. (a)); and possession of a firearm by a felon (count 9; § 29800, subd. (a)(1).) In a bifurcated proceeding, the court found true sentence enhancements alleging that Flores had suffered a prior conviction that constituted both a serious felony prior and a strike prior. (§§ 667, subds. (a), (c)-(j), 1170.12, subds. (a)-(e).)

Flores was sentenced to 14 years to life (with the possibility of parole), as well as a determinate term of 38 years eight months. The sentence was calculated as follows: count 1 - life with the possibility of parole after 14 years (the seven-year minimum parole eligibility period doubled on account of the prior strike), with a consecutive term of 15 years for enhancements under section 12022.5, subdivision (a) (10 years) and section 667, subdivision (a) (five years); count 3 - 19 years (the upper term of seven years doubled on account of the prior strike, plus five years for the § 667, subdivision (a) enhancement); count 4 - a consecutive term of three years four months (one-third the midterm doubled on account of the prior strike); and count 9 - a consecutive term of one year four months (one-third the midterm doubled on account of the prior strike). The court imposed the upper terms on counts 2 and 5, but the sentences on these counts were stayed pursuant to section 654. The sentence on count 8 was also stayed pursuant to section 654.

In Flores's initial appeal, both parties agreed that Flores's conviction for negligent discharge of a firearm (§ 246.3, subd. (a); count 5) must be reversed because it was a lesser included offense of shooting at an inhabited dwelling house (§ 246; counts 3 and 4). In our opinion resolving that appeal, issued on May 21, 2018, we concurred with the parties and reversed Flores's conviction in count 5 for negligent discharge of a firearm. We vacated Flores's sentence and remanded the case for resentencing in light of section 12022.5, subdivision (c), as amended by Senate Bill No. 620, as well as the reversal of his conviction on count 5. We also asked the trial court to consider, at resentencing,

3.

whether Flores's sentence on count 3 (shooting at an inhabited dwelling, i.e., the victim's home) should be stayed pursuant to section 654, in light of his sentence on count 1 (attempted murder).

On remand, on September 25, 2018, the trial court resentenced Flores to 14 years to life with the possibility of parole, along with a determinate term of 35 years four months. The court did not strike the firearm enhancement attached to count 1, but it stayed the sentence on count 3 pursuant to section 654.

As to count 1, the court reimposed Flores's previous sentence of 14 years to life, with a consecutive 10-year firearm enhancement (§ 12022.5, subd. (a)) and five-year prior serious felony enhancement (§ 667, subd. (a)). As noted, the court stayed the sentence on count 3 under section 654, but imposed on count 4, the 19-year sentence previously imposed on count 3 (the upper term of seven years doubled on account of the prior strike, plus five years for the § 667, subd. (a) enhancement). The court reimposed the previous sentence of one year four months on count 9. On counts 2 and 8, the prior sentences were reimposed and stayed pursuant to section 664. The court made no explanatory comments in regard to its sentencing choices. Flores thereafter filed the instant appeal.

## DISCUSSION

### I. Senate Bill No. 1393

Senate Bill No. 1393, which was signed by the Governor on September 30, 2018, and became effective on January 1, 2019, gave "courts discretion to dismiss or strike a prior serious felony conviction for sentencing purposes." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 965, 971 (*Garcia*).) Before the effective date of Senate Bill No. 1393, section 667, subdivision (a) required mandatory imposition of prior serious felony enhancements in compliance with section 1385, subdivision (b), which expressly precluded courts from striking prior serious felony convictions for sentencing purposes. (See *People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045-1047.)

4.

Flores's resentencing hearing took place in September 2018, *before* Senate Bill No. 1393 took effect in January 2019. Flores's 2018 sentence included two section 667, subdivision (a) prior serious felony conviction enhancements (mandatory at the time). The parties agree that the amendments effected by Senate Bill No. 1393 are retroactively applicable to Flores's case, which is pending final judgment. (See *In re Estrada* (1965) 63 Cal.2d 740; *Garcia*, *supra*, 28 Cal.App.5th at p. 973.)

The People contend that remand is nonetheless not necessary, even under the applicable "clearly indicated" standard, because the trial court imposed the maximum sentence and did not strike the firearm enhancement. (See *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425, 427-428.) However, the firearm enhancement is distinct from the two prior serious felony conviction enhancements at issue here. Moreover, the trial court gave no explanation for its sentencing decision; indeed, it made no comment whatsoever as to its reasoning.[2] (Cf. *People v. Jones* (2019) 32 Cal.App.5th 267, 273-274.) Under these circumstances we cannot conclude the trial court "clearly indicated" it would not strike even one of the prior serious felony conviction enhancements in the event it had the discretion to do so. We must therefore remand to give the trial court an opportunity to exercise its discretion in this regard. At resentencing, the court will be entitled to consider evidence of Flores's "postsentencing conduct in prison." (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 628-629.)

## II.     Section 1001.36:  Mental Health Diversion

Effective June 27, 2018, the Legislature enacted sections 1001.35 and 1001.36, which created a pretrial diversion program for certain defendants with qualifying mental health disorders. (Stats. 2018, ch. 34, § 24.) Section 1001.36 was subsequently amended by Senate Bill No. 215 (2017-2018 Reg. Sess.; Stats.2018, ch. 1005, §1) to specify that

---

[2]     Similarly, the court made no explanatory comments at Flores's initial sentencing on May 15, 2015.

defendants charged with certain crimes, such as murder and rape, are ineligible for diversion. (§ 1001.36, subd. (b)(2), as amended by Stats. 2018, ch. 1005, § 1.) In *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), our Supreme Court held that section 1001.36 applies retroactively to all cases with nonfinal judgments (the parties' briefs in this matter were filed before *Frahs* was issued, hence we need not address the arguments raised on this point, therein).

Here, the mental health diversion statutes are retroactively applicable to Flores's case. Flores's briefs point to evidence in the trial record indicating that Flores appears to suffer from a mental health disorder and exhibited paranoid behavior in connection with the principal crimes at issue in this case. Our opinion in Flores's prior appeal notes: (1) the existence of a police report documenting that Flores had a mental disorder; (2) his " 'paranoid' " and " 'irrational' " conduct at the time of his arrest; and (3) his "bizarre" statements during his police interrogation. (*People v. Flores*, *supra*, F071768, *3, fn. 6, *4.) We cannot say as a matter of law, based on the record, that Flores is ineligible for mental health diversion under section 1001.36. Since the case is being remanded in any event, Flores will have the opportunity to make a request for mental health diversion in the trial court, in the first instance.[3] We will conditionally reverse the judgment so the trial court may consider any request for mental health diversion made by Flores on remand. We express no view concerning whether Flores will be able to show eligibility

---

[3]    The People argue that Flores should have requested mental health diversion at the time of his prior resentencing and that his failure to do so amounts to forfeiture of the issue. However, the previous remand was to give the trial court the opportunity to consider whether to exercise its discretion to strike a firearm enhancement – hence, we are not persuaded that defense counsel's failure to raise the issue of mental health diversion at that time forfeited the issue. The case will now be remanded again, in light of Senate Bill No. 1393, but Flores's trial counsel is on notice that Flores may bring a motion for mental health diversion on remand. Failure to do so at this point would forfeit the issue for purposes of any subsequent appeal.

6.

(should he request diversion), or on whether the trial court should exercise its discretion to grant diversion if it finds him eligible.

## DISPOSITION

The judgment is conditionally reversed. The matter is remanded for (1) consideration of any motion for mental health diversion made by Flores, and (2) resentencing, in the event mental health diversion is not ultimately sought, or not granted, or is granted but not successfully completed.

If Flores moves for mental health diversion; is found eligible; diversion is granted; and he successfully completes diversion, then the court shall dismiss the charges. (§ 1001.36, subd. (e).) In the event Flores does not move for mental health diversion, or the trial court denies such a motion, or, the court grants the motion but Flores fails to successfully complete diversion, the court shall reinstate Flores's convictions.

Upon the reinstatement of Flores's convictions, the trial court shall resentence Flores in light of Senate Bill No. 1393's amendments to sections 667, subdivision (a) and 1385, subdivision (b). At resentencing, the court shall also consider applicable amendments to sentencing laws that became effective during the pendency of this appeal, including on January 1, 2022.